**1038**

Rose MUSSELMAN, Plaintiff,

v.

GUTTMAN INSTITUTE, a/k/a Stella and Charles Guttman Breast Diagnostic Institute, Inc. and Freida Graeb, Defendants.

No. 87 Civ. 0363 (JFK).

United States District Court, S.D. New York.

Nov. 10, 1987.

Goldsmith & Tabak, New York City, for plaintiff; T. Lawrence Tabak, of counsel.

Barry, McTiernan & Moore, New York City, for Freida Graeb; Michael F. Close, of counsel.

Morris & Duffy, New York City, for Guttman Institute; John E. Morris, of counsel.

## OPINION AND ORDER

KEENAN, District Judge.

### Background

Plaintiff filed this action alleging various violations of federal law. The defendants moved to dismiss the complaint under FRCP 12(b)(6). The Court granted the motion in an Opinion and Order dated September 29, 1987, familiarity with which is assumed. The defendants have now made an additional motion seeking a preliminary and permanent injunction barring the plaintiff from pursuing her cause of action in the state courts alleging the same violations of federal law, as well as a claim under the New York State Constitution. For the reasons set forth below, the Court grants this motion.

### DISCUSSION

The federal anti-injunction act provides that

> [a] court of the United States may not grant an injunction to stay proceedings in a state court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect and effectuate its judgments.

28 U.S.C. § 2283. Defendants assert that an injunction should be issued in this case to protect and effectuate the final judgment that resulted from the Court's earlier opinion. Plaintiff is currently prosecuting a cause of action in state court, based on the same facts present in this case. The difference between the two cases is that in state court, the plaintiff asserts a claim under the state constitution. The plaintiff elected not to assert this claim in this Court, despite the fact that it could have been heard under the Court's pendent jurisdiction.

It is well settled that a federal court may enjoin litigation of claims in state court by employing res judicata and section 2283 in order "to protect and effectuate [a federal court's] judgments." *See*

*Browning Debenture Holders' Committee v. DASA Corp.*, 605 F.2d 35, 38 (2d Cir. 1978); *see generally* Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction § 4226·at 341, 343–44 (1978). The standards of res judicata are equally well-settled. New York has adopted a transactional identity approach to the doctrine. Under this analysis, if the claim asserted in the second forum arises from the same "factual grouping" that gave birth to the claim in the first forum, the subsequent claim is barred despite its assertion of different legal theories or request for different relief. *See Smith v. Russell Sage College*, 54 N.Y.2d 185, 192–93, 445 N.Y.S.2d 68, 71, 429 N.E.2d 746, 749 (1981). Res judicata clearly is binding upon parties as to claims which might have been raised, but were not. *See Browning Debenture*, 605 F.2d at 39. Plaintiff could have asserted in this Court the state law claims that it currently pursues in state court because the two cases arise from the same facts. Plaintiff's conjecture that this Court would have declined to exercise pendent jurisdiction over the state claims is hardly grounds to overlook the clear mandates of section 2283 and the doctrine of claim preclusion. Plaintiff is hereby permanently enjoined from pursuing her claim in state court.

Furthermore, the Court declines to amend in any way the final judgment issued in this matter.

### CONCLUSION

The defendants motion to enjoin plaintiff from pursuing its claim in state court is granted. The plaintiff's application to amend the final judgment is denied.

SO ORDERED.